Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ R. RODRÍGUEZ CARDONA<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | TA2026RA00015 | Revisión -**se acoge como *Mandamus***- procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-1678-25 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de enero de 2026.

Un miembro de la población correccional comparece, por derecho propio, y nos solicita que ordenemos al Departamento de Corrección y Rehabilitación ("Corrección") contestar una solicitud de remedio administrativo. Según se explica a continuación, concluimos que no procede lo solicitado por el recurrente.

El Sr. José R. Rodríguez Cardona (el "Recurrente") alega que, el 30 de octubre de 2025, presentó una solicitud de remedio administrativo ante Corrección. En dicha solicitud, señaló que el Tribunal de Primera Instancia ("TPI"), en julio de 2025, había ordenado "eliminar la reincidencia". Acompañó una Resolución del TPI, del 1 de julio de 2025, y enmendada el 14 de octubre (la "Resolución del TPI").

El 23 de diciembre, el Recurrente presentó el recurso que nos ocupa, en el que plantea que Corrección "todavía no ha emitido una contestación" a su solicitud. Sostiene que él "necesita que se le

conteste ya que esto de gran beneficio para él y desea que [la Resolución del TPI] sea ejecutada."

La Ley Núm. 201-2003, 4 LPRA sec. 24, *et seq.* ("Ley 201"), establece que el Tribunal de Apelaciones será un tribunal intermedio y estará a cargo de revisar, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, y de forma discrecional, las decisiones finales de los organismos y agencias administrativas y cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". Art. 4.002 de la Ley 201, 4 LPRA sec. 24(u).

En cuanto a la competencia del Tribunal de Apelaciones, el Art. 4.006 de la Ley 201 (4 LPRA sec. 24y) dispone lo siguiente:

> El Tribunal de Apelaciones conocerá de los siguientes asuntos:
>
> (a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.
>
> (b) Mediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.
>
> (c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".
>
> (d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de *hábeas corpus* y de *mandamus.* Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de *hábeas corpus* y *mandamus,* pero su resolución en tales casos estará sujeta a revisión por el Tribunal de Apelaciones, en cuyo caso, siempre que ello fuera solicitado por parte interesada dentro de los diez (10) días después que le fuera notificada, el Juez Presidente del Tribunal Supremo nombrará un panel especial no menor de tres (3) jueces ni mayor de cinco (5) jueces que revisará la

resolución del Juez en cualesquiera de tales casos y dictará la sentencia que a su juicio proceda.

(e) Cualquier otro asunto determinado por ley especial.

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud. Véase, por ejemplo, *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013).

Por su parte, el "auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. El *mandamus* sólo puede utilizarse para exigir el cumplimiento de un deber "ministerial", es decir, tiene que ser un deber impuesto por la ley, que no admite discreción en su ejercicio. *AMPR v. Srio. Educación, E.L.A., supra.*

Ahora bien, por tratarse de un recurso extraordinario, el *mandamus* sólo procede luego de que se han agotado otros remedios existentes en ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Álvarez de Choudens v. Tribunal*, 103 DPR 235, 242 (1975). Ello pues "el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR a las págs. 266-67. Por consiguiente, antes de comparecer al Tribunal, el peticionario debe demostrar que hizo un requerimiento previo al funcionario encargado, para que se cumpliera el deber ministerial reclamado. *Dávila v. Superintendente*, 82 DPR 264, 275 (1960). Además, la Regla 54 de Procedimiento Civil requiere que la solicitud sea juramentada. 32 LPRA Ap. V, R. 54.

Por su parte, la Regla 55(I) de nuestro Reglamento, dispone que "[e]n todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos". 4 LPRA Ap. XXII-B, R. 55(I).

En este caso, el Recurrente no ha acreditado que exista una decisión final de Corrección que podamos revisar, por lo cual, de considerarse el recurso como una solicitud de revisión judicial, tendríamos que desestimarlo.

De hecho, lo que el Recurrente alega, precisamente, es que Corrección no ha atendido su solicitud de remedio, y nos solicita que le ordenemos a Corrección atender esta solicitud. Considerado el recurso como una petición de *mandamus*, determinamos denegar su expedición. Veamos.

Como cuestión de umbral, como el recurso no fue juramentado, estaríamos obligados a desestimarlo. Véase Regla 54 de Procedimiento Civil. 32 LPRA Ap. V, R. 54. Más importante aún, tampoco se acreditó que se hubiese hecho un requerimiento previo al funcionario encargado en conexión con el deber ministerial cuyo cumplimiento se exige. *Dávila, supra.* Lo anterior, por sí solo, nos llevaría a denegar la expedición del auto solicitado.

De todas maneras, aun dando por cumplidos los referidos requisitos procesales, en el ejercicio de nuestra discreción, denegaríamos la expedición del auto. En primer lugar, en atención al tiempo transcurrido, no se justificaría todavía nuestra intervención. En segundo lugar, de la Resolución del TPI surge que el Recurrente no tiene razón al plantear que el TPI le eliminó la reincidencia. En vez, la Resolución del TPI únicamente se limita a eximir al Recurrente del "pago de la pena especial impuesta por ser indigente …".

Por las razones que anteceden, acogido el recurso como una petición de *mandamus*, pero manteniéndose la clasificación alfanumérica del recurso, en el ejercicio de nuestra discreción, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones